UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO RAMIREZ BUSTAMANTE,<br>Petitioner,<br>v.<br>TONYA ANDREWS, *et al*.<br>Respondents. | Case No. 1:26-cv-08352 (VC)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. Nos. 1, 4 |

Petitioner Antonio Ramirez Bustamante filed a petition for writ of habeas corpus and motion for temporary restraining order seeking release from ICE custody, or alternatively a bond hearing before an immigration judge. *See* Dkt. No. 1 at 17; Dkt. No. 5 at 9. For the reasons that follow, the Court GRANTS the petition, orders Petitioner's immediate release, and resolves the TRO as moot.

Petitioner is a native of Mexico who entered the United States approximately twenty-three years ago without inspection by immigration authorities. *See* Dkt. No. 1 at 6; Dkt. No. 10-1 at 2. He has lived in the United States for the past two decades working in construction. Dkt. No. 1 at 6. He claims that his spouse of twenty-eight years and his children, most of whom are United States citizens, also live in the United States. *See id*.

On August 21, 2026, Petitioner was stopped by ICE during a "targeted enforcement" operation. Dkt. No. 10-1 at 2. An administrative warrant was issued for Petitioner's arrest, and he was placed in removal proceedings that same day. *See* Dkt. No. 10-2; Dkt. No. 10-3. Respondents have not argued that Petitioner has any criminal history justifying his continued detention. Instead, while acknowledging that their argument has been rejected by the Ninth

Circuit, Respondents maintain that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A). *See* Dkt. No. 10 at 1. Thus, Petitioner has not been provided a bond hearing, nor does it appear that an Immigration Officer has made any individualized finding that Petitioner's detention is necessary based on a finding of dangerousness or flight risk.

The Ninth Circuit in *Rodriguez Vazquez v. Bostock* held that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." 183 F.4th 1160, 1164 (9th Cir. 2026). As Petitioner is a noncitizen present without admission, and was arrested inside the United States, his detention is controlled by § 1226(a). Petitioner argues that Respondents' failure to provide him with a bond hearing, or make any kind of individualized custody determination, violates his due process rights as he is statutorily entitled to receive that process under § 1226(a). *See* Dkt. No. 1 at 5–7, 9–13.

Section 1226(a) "and its regulations guarantee noncitizens detained under that provision multiple levels of 'substantial procedural protections' against the erroneous deprivation of their liberty[,]" including arrest upon a valid warrant, notice of the basis for continued detention, an initial custody determination made by an immigration officer, and a bond hearing to challenge that determination. *Garcia-Maya v. Blanche*, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *5 (D. Nev. July 7, 2026) (quoting *Jacobo-Ramirez v. Mullin*, — F. Supp. 3d —, 2026 WL 879799 (D. Nev. 2026)); *see also Regino Vicente Vicente v. Warden of San Bernardino Det. Ctr.*, No. 5:26-CV-05106-BFM, 2026 WL 3110053, at *3 (C.D. Cal. Oct. 16, 2026). As Respondents only argue that Petitioner was detained pursuant to § 1225(b)(2)(A), and have not argued that Petitioner was provided all the process to which he was statutorily entitled to under § 1226(a), or that Petitioner may be a danger to the community or flight risk if released, the appropriate remedy here is immediate release. *See Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (granting immediate release where there was no evidence petitioner was arrested pursuant to a warrant or that a custody determination was made by an authorized immigration

official at the time of his arrest).

Accordingly, the Petition for Writ of Habeas Corpus is GRANTED. Respondents are ORDERED to immediately release Petitioner from custody. If Respondents seeks to re-detain Petitioner, it must provide all the process to which he is statutorily entitled to under 8 U.S.C. § 1226(a). This Order does not address the circumstances in which Respondents may detain Petitioner in the event he becomes subject to an executable final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: October 30, 2026

VINCE CHHABRIA
United States District Judge